IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WALTER J. AVERY, #184 038 *

Plaintiff, *

v. * 3:06-CV-960-WKW
(WO)

ELAINE KIRBY, *et al.*, *

Defendants. *

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Walter Avery, filed this 42 U.S.C. § 1983 action on October 24, 2006. He is currently incarcerated at the Opelika City Jail located in Opelika, Alabama. Plaintiff files this action complaining that he has not been afforded all the jail credit to which he is entitled. He requests injunctive relief. Upon review of the pleadings filed by Plaintiff, the court concludes that dismissal of this case prior to service of process is appropriate in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**DISCUSSION**

In September of 2006 Plaintiff found himself facing various criminal charges lodged against him by city and county courts located in Opelika, Alabama. As a result, Plaintiff

[1] When a prisoner is granted leave to proceed *in forma pauperis* in a federal civil action, this court must screen his complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss such an action at any time, regardless of payment of the filing fee or any portion thereof, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).

spent time in the Opelika City Jail as well as the Lee County Jail. In his complaint, Plaintiff complains that he has not received all the jail credit he is entitled to for time he spent in the Opelika City Jail. The court understands Plaintiff to allege that the failure to award him all the jail credit to which he is entitled will cause him to serve jail time in excess of the sentence imposed on him.

The claim presented by Plaintiff is not cognizable in a § 1983 action at this time. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Edwards v. Balisok,* 520 U.S. 641 (1997). In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the . . . sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Id.* 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Id.* at 481. Based on the foregoing, the Court concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id.* In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. *Id.* 520 U.S. at 648. Moreover, the Court determined that this is true not only

when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

In the instant case, Plaintiff's claim goes to the fact or duration of his confinement and, thus, is barred by *Heck*. Plaintiff's claim, if established, would necessarily imply the invalidity of the length of his confinement. It is clear from the complaint that Plaintiff's release date has not been invalidated in an appropriate proceeding. The court, therefore, concludes that Plaintiff's complaint is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B) as the claim presented therein is not cognizable in a § 1983 action at this time *See Balisok*, 520 U.S. at 648; *Heck,* 512 U.S. at 481.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this 42 U.S.C. § 1983 action be DISMISSED without prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 14 , 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The

parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of November, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE